An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LOIS CASTLE, INDIVIDUALLY,<br>Appellant,<br>vs.<br>LAS VEGAS NORTH STRIP<br>HOLDINGS, LLC,<br>Respondent. | No. 60053 |
| LOIS CASTLE, INDIVIDUALLY,<br>Appellant,<br>vs.<br>LAS VEGAS NORTH STRIP<br>HOLDINGS, LLC,<br>Respondent. | No. 60660 |

FILED

FEB 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

These are consolidated appeals from a district court summary judgment in a tort action and a post-judgment award of costs. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant fell and injured herself while walking on a wooden walkway that was located on property owned by respondent. Appellant sued respondent on a negligence theory, alleging that the walkway presented an unreasonably unsafe condition that caused her fall. Cf. Klasch v. Walgreen Co., 127 Nev. ___, ___, 264 P.3d 1155, 1158 (2011) (indicating that the elements of a negligence claim are "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages"); FGA, Inc. v. Giglio, 128 Nev. ___, ___, 278 P.3d 490, 496 (2012) (indicating that a property owner has a "'duty to keep the premises in a reasonably safe condition for use'" (quoting Sprague v. Lucky Stores, Inc., 109 Nev. 247, 250, 849 P.2d 320, 322 (1993)).

13-05087

The district court granted summary judgment in favor of respondent on the ground that appellant failed to present evidence that the walkway caused her fall.[1] On appeal, appellant contends that summary judgment was improper because her deposition testimony was sufficient to create a question of fact as to the issue of causation. We agree.

We review summary judgments de novo. Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). In so doing, "the

---

[1]The district court's order does not make clear whether it also granted summary judgment on the ground that appellant failed to produce evidence supporting her allegation that the walkway presented an unreasonably unsafe condition. We note, however, that the photographs submitted by appellant with her opposition to summary judgment would be sufficient to create a question of fact in this regard. See Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (indicating that evidence must be viewed in the light most favorable to the nonmoving party).

To the extent that the district court did alternatively grant summary judgment based on the absence of an unreasonably unsafe condition and deemed these photographs inadmissible in doing so, the district court abused its discretion in not allowing appellant to acquire similar evidence from respondent through additional discovery. Choy v. Ameristar Casinos, Inc., 127 Nev. ___, ___, 265 P.3d 698, 700 (2011) (reviewing for an abuse of discretion the denial of an NRCP 56(f) request for a continuance). Namely, appellant's NRCP 56(f) affidavits indicate that she intended to elicit similar evidence during the scheduled deposition of respondent's person-most-knowledgeable, and the record demonstrates that the district court's stay order effectively prevented appellant from taking this deposition before summary judgment was granted.

evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." Id.

Respondent points to various statements in appellants deposition in which she purports to not remember the cause of her fall. When these statements are viewed in the context of her entire deposition, however, appellant clearly testified that the walkway caused her fall and that she was simply unsure whether she lost her balance on loose boards or caught her foot on uneven boards. Cf. Wagon Wheel v. Mavrogan, 78 Nev. 126, 127-28, 369 P.2d 688, 689 (1962) (upholding a jury verdict in favor of a plaintiff when the plaintiff testified that his fall was caused by either a nail or a piece of wood, despite his inability to identify which precise object caused the fall).

Moreover, to the extent that Rickard v. City of Reno, 71 Nev. 266, 288 P.2d 209 (1955), requires a plaintiff to produce evidence independent of her own testimony to support her theory of causation, appellant did so here by submitting photographs of the walkway with her opposition to summary judgment. Compare Rickard, 71 Nev. at 272-73, 288 P.2d at 212 (concluding that an inference of causation may not be drawn when all evidence contradicts the plaintiff's theory of causation), with Worth v. Reed, 79 Nev. 351, 355, 384 P.2d 1017, 1019 (1963) (concluding that an inference of causation may be drawn when "some evidence" supports the plaintiff's theory of causation).

Because the evidence and the reasonable inferences drawn therefrom create a question of fact regarding causation, Wood, 121 Nev. at 729, 121 P.3d at 1029, summary judgment was improper. See Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981) (indicating that

proximate cause presents a factual issue for the jury to resolve). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]Having considered the parties' arguments regarding whether appellant's reply appendix should be stricken, we deny respondent's motion to strike. Namely, the documents in the appendix were filed in district court before the district court granted summary judgment, NRAP 10(b)(1), and appellant's reply brief relies on these documents to reply to arguments raised in respondent's answering brief. NRAP 30(b)(5).

Moreover, in light of our resolution of the appealed-from summary judgment in Docket No. 60053, we reverse the district court's award of costs in Docket No. 60660. We have determined that these appeals should be submitted for a decision on the briefs without oral argument. See NRAP 34(f)(1).

cc: Hon. Douglas W. Herndon, District Judge
Parnell & Associates
Olson, Cannon, Gormley, Angulo & Stoberski
Eighth District Court Clerk